UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

LUIS FELIPE MARTINEZ,

        Plaintiff,

-against-

MIKE LEAVITT, in his official capacity only
as Secretary of Health and Human Services;
STATE OF NEW YORK; NEW YORK CITY
OFFICE OF CHILD SUPPORT
ENFORCEMENT AND NEW YORK STATE
DEPARTMENT OF MOTOR VEHICLES,

        Defendants.
------------------------------------------------------X

REPORT AND RECOMMENDATION
07 CV 202 (ERK) (LB)

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983 challenging the constitutionality of New York State Family Court Act (FCA) §§ 413(1)(g) and 451. Defendants move to dismiss this action under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Honorable Edward R. Korman referred defendants' motions to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendants' motions should be granted and plaintiff's complaint should be dismissed.



## BACKGROUND

In July 1995, the Family Court of the State of New York entered a child support order against plaintiff. Complaint ¶ 60. Plaintiff appealed this decision arguing that he was disabled and that his sole income was public assistance and Social Security Disability payments. The Family Court subsequently reduced his monthly support obligation to $25.00, the minimum monthly child support payment. Complaint ¶ 69. Dissatisfied with this determination, plaintiff argues that he should have no child support obligation at all because his income is below the poverty line. Complaint ¶ 40-41. Plaintiff unsuccessfully appealed the Family Court child support order in the state court system on several occasions. See, e.g., Martinez v. Torres, Docket No. F-1193/95, N.Y. App. Div., February 28, 2006 (annexed to Silverberg Declaration, Exhibit B); Martinez v. Torres, Docket No. F-01193/95, N.Y. Fam. Ct., November 17, 2004 (annexed to Silverberg Declaration, Exhibit C). Plaintiff now argues that the Family Court and the provisions of the FCA mandating minimum payments of child support violate his constitutional rights. Complaint ¶¶ 42-43. Plaintiff also alleges that on August 25, 2006, as a result of his failure to pay child support, the New York State Department of Motor Vehicles suspended his driver's license. Plaintiff argues that by implementing the challenged provisions of the FCA, the DMV's action also violates his constitutional rights. Complaint ¶¶ 3-10, 69, 74

This is not the first action plaintiff has brought raising these same claims in this Court. Plaintiff brought a prior action in 2004 against the State of New York, the Family Court of Kings County, Support Magistrate Elizabeth Shamahs, New York City Office of Child Support Enforcement (OCSE), and Lesley Torres. See Martinez v. State of New York, CV-04-4852 (ERK), slip op. (E.D.N.Y. Nov. 18, 2004) ("Martinez I"). In Martinez I, plaintiff challenged the Family

Court child support determination arguing that the Family Court Act §§ 413(1)(g) and 451 were unconstitutional. Specifically, plaintiff argued that the sections of the FCA mandating a minium child support payment were inconsistent with 42 U.S.C. § 667 and 45 C.F.R. § 302, which require a "rebuttable presumption in any judicial proceeding for the award of child support." 42 U.S.C. § 667(2). The Court dismissed <u>Martinez I</u> for lack of jurisdiction under the <u>Rooker-Feldman</u> doctrine finding that plaintiff's federal claim was "inextricably intertwined" with that state court judgment. <u>Martinez I</u>, slip op. at 3-4; <u>see</u> <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413 (1923); <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

Plaintiff's instant suit also alleges that the city, state and federal defendants have violated his rights. Plaintiff claims that the state defendants have violated "his right to Privacy under the Fourteenth Amendment" by enacting a statute in contravention to the federal enabling statute, 42 U.S.C. § 667. Complaint at ¶¶ 84-85. In addition to challenging the constitutionality of the FCA, plaintiff raises three new claims related to the suspension of his drivers license based on his failure to pay child support. First, plaintiff claims that Office of Child Support Enforcement ("OSCE") and the Department of Motor Vehicles ("DMV") violated his procedural due process right by "denying the Plaintiff a necessary Due Process hearing before suspending his driving privileges." <u>Id.</u> ¶¶ 90-92. Second, plaintiff claims that the DMV violated his right to equal protection "by failing and refusing to grant him a Due Process hearing, solely on the basis of his status as an indigent non-custodial parent," and by "denying Plaintiff issuance of a New York State driver license." <u>Id.</u> ¶¶ 96-97. Finally, plaintiff claims that the federal defendant, Mr. Leavitt, acted as a "co-conspirator" for unlawfully "looking the other way" and allowing the State to carry out an unconstitutional policy. <u>Id.</u> ¶¶ 50-51.

3

Plaintiff seeks declaratory and injunctive relief as well as damages. Specifically, plaintiff asks this Court to 1) declare FCA §§ 413(1)(g) and 451 as contradictory to 42 U.S.C. § 667 and therefore unconstitutional; 2) enjoin defendants from enforcing this challenged provision and; 3) award plaintiff damages. Id. ¶¶ 101-108.

## STANDARD OF REVIEW

**The Standard of Review on a Motion to Dismiss**

When ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See Bell Atlantic Corp. v. Twombly, 550 U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007); (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002)); Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999). To survive a motion to dismiss, however, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. If a plaintiff does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Id. Nonetheless, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Bertin v. U.S., 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions 'to raise the strongest arguments they suggest.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994)) (other citations omitted).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when

the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing to Fed.R.Civ.P. 12(b)(1)). "It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01(2d Cir. 2000) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)).

When a motion to dismiss is made pursuant to both Rules 12(b)(1) and 12(b)(6), the jurisdictional motion must be considered first because if the complaint is dismissed for lack of subject matter jurisdiction, "the accompanying defenses and objections become moot and do not need to be determined." United States ex rel. Kreindler & Kreindler v. United Techs. Corp., 985 F.2d 1148, 1156 (2d Cir. 1993) (internal quotation and citation omitted); see also Magee v. Nassau County Med. Ctr., 27 F. Supp.2d 154, 158 (E.D.N.Y.1998) ("A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction.").

Although "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence," Aurecchione v. Schoolman Transport. System, Inc., 426 F.3d 635, 638 (2d Cir. 2002) (internal quotations and citations omitted), the Court liberally construes plaintiff's submissions to determine the instant motions.[1]

---

[1] In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may refer to evidence outside the pleadings. Lyndonville Sav. Bank, 211 F.3d at 700-01 (citing to Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).

# DISCUSSION

## A. Immunity

Plaintiff's complaint against "Mike Leavitt, in his official capacity only as Secretary of Health and Human Services" is brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). However, the doctrine of sovereign immunity protects the United States, as Sovereign, and its government officials acting in their official capacities, from suit. Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005) ("The shield of sovereign immunity protects not only the United States but also its agencies and officers when the latter act in their official capacities"). Any claim against Mr. Leavitt, sued in only his official capacity, is therefore barred by sovereign immunity. Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994) ("The United States has not waived sovereign immunity with respect to constitutional tort claims against the United States, its agencies, or federal employees sued in their official capacities"). For this reason, plaintiff's claim against Leavitt should be dismissed.

Plaintiff's claims against the state defendants are barred by the Eleventh Amendment of the United States Constitution. Where there has been no clear abrogation by Congress of the sovereign immunity provided by the Eleventh Amendment, as is the case here, the Eleventh Amendment guarantees "that non-consenting states may not be sued by private individuals in federal court" for either monetary damages or injunctive relief. Board of Trustees v. Garret, 531 U.S. 356, 363 (2001); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102 (1984) ("a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief"). As New York is a non-consenting state, the Eleventh Amendment bars any claim against the State and its agencies. Dube v. S.U.N.Y., 900 F.2d 587, 594 (2d Cir. 1990) (Eleventh Amendment bars plaintiff's claims for relief against New York State agency).

Plaintiff argues that the State's acceptance of federal funds pursuant to 42 U.S.C. §§ 651-669-b constitutes an implied waiver of Eleventh Amendment protection. Plaintiff's Memorandum of Law

Filed in Opposition to Defendants' Motions to Dismiss at 22. However, for a waiver to be implied, Congress must clearly manifest an intention to condition the receipt of federal funds on a state's waiver of its Eleventh Amendment immunity. Burnette v. Carothers, 192 F.3d 52, 60 (2d Cir. 1999). There is no clear manifestation of Congress' intent to condition the receipt of federal funds on the states's waiver anywhere in the provisions of the code plaintiff raises herein and as such, plaintiff's argument is without merit.

Plaintiff's complaint against New York State and the New York State Department of Motor Vehicles is therefore barred by the Eleventh Amendment and this Court lacks subject matter jurisdiction over plaintiff's claims against these defendants.[2] Therefore, plaintiff's claims against New York State and the Department of Motor Vehicles should be dismissed for lack of subject matter jurisdiction.

## B. The Rooker-Feldman Doctrine

Rooker-Feldman bars cases in federal courts where "state-court losers complain[] of injuries caused by state-court judgments rendered before the district court proceedings and invite[] district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basin Industries Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine is applicable if: 1) "the Federal Court plaintiff [] lost in state court," 2) "the plaintiff ... complain[s] of injuries caused by a state court judgment," 3) "the plaintiff ... invite[s] district court review and rejection of that judgment," and 4) "the state-court judgment [was] rendered before the district court proceedings commenced." Hoblock v. Albany County Board of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (internal citations omitted). Under

---

[2] The Court notes that when a party refuses to comply with child support obligations, the New York State Courts are authorized to take a variety of actions to encourage compliance, including suspension of driving privileges. See FCA § 454(e). Plaintiff's claim that his license was suspended without due process is without basis as the statute provides violators notice of the pending suspension and remedies to avoid the suspension. See e.g., Matter of Beal v. Beal, 175 Misc. 2d 148, aff'd 255 A.D. 2d 313 (2d Cir. 1998). Plaintiff does not allege whether he availed himself of these statutory remedies. However, whether he did or did not, the Department of Motor Vehicles is immune from suit under the Eleventh Amendment.

the test annunciated in Hoblock, this Court should dismiss plaintiff's claims as barred by the Rooker-Feldman doctrine.

In order to circumvent Rooker-Feldman, plaintiff attempts to recast many of his claims by arguing that FCA §§ 413(1)(g) and 451 violate his right to privacy and to due process under the Fourteenth Amendment and are inconsistent with the federal enabling statute, 42 U.S.C. § 667. Plaintiff also makes the disingenuous and contradictory statement that he "does not ask the Court to vacate any state judgment whatsoever." Plaintiff's Memorandum of Law at 1. However, a finding that any of the challenged sections of the Family Court Act are unconstitutional would necessarily effect the validity of the state court order. "A plaintiff may not overcome the [Rooker-Feldman] doctrine and seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." Robinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004). Therefore, plaintiff's claims are barred by the Rooker-Feldman doctrine.[3]

The New York City Office of Child Support Enforcement was also named as a defendant in Martinez I. Rooker-Feldman precluded the exercise of jurisdiction over plaintiff's claims against this defendant in Martinez I and the result is the same here. Plaintiff's claims against the New York City Office of Child Support Enforcement should be dismissed for lack of jurisdiction.[4]

---

[3] As plaintiff's claims against all of the named defendants, except the New York City Office of Child Support Enforcement, are barred by sovereign immunity, the Court need not discuss the applicability of Rooker-Feldman to these defendants.

[4] Plaintiff's allegations against the New York City Office of Child Support Enforcement are also conclusory. Plaintiff alleges that OCSE "used strong arm enforcement and collection" tactics, "continually and systematically" harassed him and threatened plaintiff with arrest and imprisonment. Complaint ¶¶ 67-68. A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-91 (1978). Plaintiff's conclusory allegations fail to demonstrate that any unconstitutional policy or custom of the City of New York caused him harm. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (municipal liability must be based on proof that harm was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker).

## CONCLUSION

Accordingly, it is respectfully recommended that defendants' motions should be granted and plaintiff's complaint should be dismissed.

## FILING OBJECTIONS TO THIS AMENDED REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report and Recommendation generally waives any further judicial review. Marcella v. Capital District Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: May 20, 2008
Brooklyn, New York